# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLEE M. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-263-GKF-PJC |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

**NOW** before the Court are Defendant's Motion to Strike Plaintiff's Brief (Dkt. #16) and Plaintiff's Motion to Exceed Page Limitation (Dkt. #17). For the reasons discussed herein, Plaintiff's Motion (Dkt. #17) is **GRANTED**, and Defendant's Motion (Dkt. #16) is therefore **MOOT**. Further, the Court admonishes both counsel to abide by this Court's Orders in the future and, if objections are to be made, to make those objections in a timely fashion.

This action is one for review of the denial by the Social Security Administration of Mitchell's application for social security disability benefits, and the Complaint (Dkt. #2) was filed on May 5, 2009. The Scheduling Order (Dkt. #12) was filed June 8, 2009, and it is a form order that has been routinely issued in all social security disability cases in this District for many years. Among its provisions is the following:

> The length of the brief should not exceed ten (10) pages exclusive of signature block and certificate of service. Attachments to the brief are discouraged. Plaintiff does not need to attach materials which are included in the record or published cases. If Plaintiff is relying on an unpublished case, Plaintiff may attach a copy of the unpublished case. If additional pages are required, Plaintiff should file a motion requesting permission to file a brief which exceeds the page limitation. The motion should briefly explain why the additional pages are necessary.

Scheduling Order, ¶ 2(B) (Dkt. #12).

Pursuant to the Scheduling Order, Plaintiff's Opening Brief was not due until November 12, 2009, but Plaintiff filed it early on October 16, 2009.  The filing was 26 pages long, but the Brief was 21 pages long, excluding the cover page, table of contents, table of authorities, and signature block with certificate of mailing.  In violation of the clear language of the Scheduling Order, Plaintiff had not requested permission to exceed the 10-page limitation.

Pursuant to the Scheduling Order, Defendant's deadline for his Response Brief was January 13, 2010, regardless of when Plaintiff filed her Opening Brief, and therefore Plaintiff's early filing of the Opening Brief in essence gave Defendant an additional 27 days in which to file the Response Brief.  On January 5, 2010 - 80 days after Plaintiff's Opening Brief was filed - Defendant filed his Motion to Strike Plaintiff's Brief (Dkt. #16), stating that the Court should strike Plaintiff's Opening Brief because Plaintiff had failed to request permission for a brief exceeding the page limitation.  Defendant's Motion did not give any explanation for why Defendant waited 80 days to make this objection.  Additionally, Defendant asserted that a corrected brief should be filed and that Defendant should be given an additional 60 days to file his Response Brief from the date of filing of the corrected brief.

Plaintiff promptly, at least in relation to Defendant's Motion to Strike, filed her Motion to Exceed Page Limitation (Dkt. #17) the next day, January 6, 2010.  Plaintiff stated that the additional pages were necessary to adequately address the asserted errors of Defendant in denying Plaintiff's disability application.  Plaintiff's counsel has an extensive social security disability practice before this Court, but counsel inexplicably stated in the Motion that he had filed the Opening Brief in compliance with the District's Local Rules rather than in accordance

with the Scheduling Order because he had "failed to note this District Court continues to limit Social Security Opening briefs to ten pages." Plaintiff's Motion to Exceed Page Limitation (Dkt. #17). It is difficult for the Court to understand counsel's ignorance of this District's long-standing practice and routine scheduling order.

This Court takes this opportunity to remind counsel for both parties of the reason why they, and this Court, are here, as expressed in the Federal Rules of Civil Procedure:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1. This Court takes seriously this rule and strives to administer justice in a speedy and inexpensive fashion. In the present case, this Court seeks to administer justice by issuing an order promptly after briefing is completed, either affirming the decision of the Social Security Administration to deny Mitchell's application for disability benefits, or reversing that determination, and the Scheduling Order is intended to assist the Court in this administration of justice. By disregarding the page limitation contained in the Scheduling Order, and failing to seek permission to file an over-sized brief, counsel for Plaintiff has not assisted this Court in achieving the goal of just, speedy, and inexpensive determination of this action. By waiting 82 days before objecting to the length of Plaintiff's Opening Brief, counsel for Defendant has not assisted this Court in this goal. The undersigned admonishes counsel for both parties and urges them to take steps to assure that their future conduct will be consistent with Rule 1.

In the future, if Plaintiff's counsel needs additional pages for an opening brief in a social security disability case, permission should be requested <u>before</u> filing. If Defendant seeks to

object to an obvious defect in the brief of a plaintiff in a social security disability case, it should do so immediately and should not wait 2 ½ months to act.

Having reviewed Plaintiff's Motion to Exceed Page Limitation (Dkt. #17), this Court determines that it should be, and hereby is, **GRANTED**.  This Court therefore finds that Defendant's Motion to Strike Plaintiff's Brief (Dkt. #16) is therefore **MOOT**.  Pursuant to the Scheduling Order, Defendant's Response Brief is due January 13, 2010.  In his Motion to Strike Plaintiff's Brief, now ruled as moot, Defendant had asked for 60 days after the filing of a corrected brief in which to file his Response Brief.  If Defendant is unable to file a Response Brief on or before January 13, 2010, Defendant should file an application for additional time.  Defendant should be advised, however, that the Court will not look favorably on a request for an additional 60 days, given that more than 80 days have already passed since Plaintiff filed her Opening Brief.

**SO ORDERED** this 7th day of January, 2010.

_____
Paul J. Cleary
United States Magistrate Judge